## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA
## EASTERN DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | |
| Plaintiff, ) | **ORDER** |
| v. ) | |
| ) | Case No. 3:25-cr-4 |
| Talik Sincere Boykins, ) | |
| ) | |
| Defendant. ) | |

Defendant Talik Sincere Boykins moves to dismiss the indictment against him for lack of jurisdiction. Doc. 32. The United States opposes the motion. Doc. 35. For the reasons below, the motion is denied.

I.   **BACKGROUND**

An indictment charges Boykins with the crime of possession of a firearm by a prohibited person in violation of 18 U.S.C. §§ 922(g)(9) and 924(a)(8). Doc. 2. It alleges that Boykins had previously been convicted of a misdemeanor crime of domestic violence and that he knowingly possessed a firearm that had been shipped and transported in interstate commerce. Doc. 2. The indictment states:

On or about October 30, 2024, in the District of North Dakota,

TALIK SINCERE BOYKINS

knowing that he had previously been convicted in any court of a crime of misdemeanor domestic violence, to-wit:

Domestic Violence – Bodily Injury, in violation of N.D. Cent. Code § 12.1-17-01.2(2)(a), in District Court, County of Grand Forks, State of North Dakota, Case No. 18-2024-CR-01188, with the judgment dated on or about October 10, 2024;

did knowingly possess a firearm, that is: a Colt, Model Government MK IV series 80, .45 caliber pistol with Serial Number SS34576, said firearm having been shipped and transported in interstate and foreign commerce;

In violation of Title 18, United States Code, Sections 922(g)(9) and 924(a)(8).

Id. Boykins argues the indictment must be dismissed because the factual basis cannot support the interstate commerce element of the crime charged. Doc. 32, p. 1. He also makes a selective prosecution argument, stating that he "was hand-selected for federal prosecution because he is a black male . . . had [Boykins] been a white male, it is unlikely he would be facing federal prosecution at all." Doc. 32, p. 15.

II.  LAW AND ANALYSIS

   A.   Standard for a Motion to Dismiss Indictment

Motions to dismiss are governed by Rule 12 of the Federal Rules of Criminal Procedure. Rule 12(b)(1) states "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1) (emphasis added). "A motion is capable of pretrial determination 'if trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity' of the motion." United States v. Turner, 842 F.3d 602, 604 (8th Cir. 2016) (quoting United States v. Covington, 395 U.S. 57, 60 (1969)). A court "must decide every pretrial motion before trial unless it finds good cause to defer a ruling" and "must not defer ruling on a pretrial motion if the deferral will adversely affect a party's right to appeal." Fed. R. Crim. P. 12(d).

"An indictment survives a motion to dismiss if 'the indictment contains a facially sufficient allegation.'" United States v. Sholley-Gonzalez, 996 F.3d 887, 893 (8th Cir. 2021) (quoting United States v. Ferro, 252 F.3d 964, 968 (8th Cir. 2001)). "An indictment is legally sufficient on its face if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution." United States v. Steffen,

687 F.3d 1104, 1109 (8th Cir. 2012) (citing United States v. Fleming, 8 F.3d 1264, 1265 (8th Cir. 1993)). "'In reviewing the sufficiency of an indictment, [the Court] accept[s] the government's allegations as true, without reference to allegations outside the indicting document[,]'" Id. at 1107 (quoting United States v. Farm & Home Sav. Ass'n, 932 F.2d 1256, 1259 n.3 (8th Cir. 1991)), and does not consider the sufficiency of the evidence. See Ferro, 252 F.3d at 968 (quoting United States v. DeLaurentis, 230 F.3d 659, 661 (3d Cir. 2000)).

**B.     Discussion and Analysis**

Boykins is charged with violating 18 U.S.C. §§ 922(g)(9) and 924(a)(8). Doc. 2. To start, he does not dispute that the indictment "fairly informs [him] of the charges against which he must defend," or "alleges sufficient information to allow [him] to plead a conviction or acquittal as a bar to a subsequent prosecution." Steffen, 687 F.3d at 1109. He instead argues that the indictment does not contain all of the essential elements of the offense charged. Doc. 32, p. 1. He asserts that the statute under which he is charged is unconstitutional, as applied to him, because there is no interstate commerce nexus. Id. The United States disagrees, arguing that controlling precedent states that all that is required to satisfy the interstate commerce element of § 922(g) is a showing that a firearm has been, at some time, in interstate commerce. Doc. 34.

The Commerce Clause gives Congress the power "to regulate commerce with the foreign nations, and among the several states, and with the Indian tribes." U.S. Const. art I, § 8, cl. 3. This power "may be exercised to its utmost extent, and acknowledges no limitations, other than are prescribed in the [C]onstitution." United States v. Lopez, 514 U.S. 549, 553 (1995) (citing Gibbons v. Ogden, 22 U.S. 1, 75 (1824)). Under this authority, 18 U.S.C. § 922(g) makes it unlawful for:

> [A]ny person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or

3

>ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g). Interpreting this statute, the Supreme Court in Scarborough v. United States concluded that proof the possessed firearm previously traveled in interstate commerce was sufficient to satisfy the nexus between the possession of the firearm by the felon and commerce. 431 U.S. 563, 577 (1977).

After Scarborough, the Eighth Circuit held the same in United States v. Rodriguez. 915 F.2d 397, 399 (8th Cir. 1990). There, the defendant brought an as-applied challenge to § 922(g), claiming that the Government had not shown that his possession of a firearm had any substantial effect on interstate commerce. The Eighth Circuit affirmed the conviction, finding that "[t]he commerce element of the provisions involved in this case . . . is satisfied by proof that 'the firearm [had] been, at some time, in interstate commerce.'" Id. at 399 (quoting Scarborough, 431 U.S. at 575).

The Eighth Circuit has consistently applied this standard ever since. United States v. Shelton, 66 F.3d 991, 992 (8th Cir. 1995) ("To satisfy the interstate commerce element of section 922(g), it is sufficient that there exists 'the minimal nexus that the firearm[s] have been, at some time, in interstate commerce.'"); United States v. Bates, 77 F.3d 1101, 1104 (8th Cir. 1996) (same); United States v. Carter, 270 F.3d 731, 735 (8th Cir. 2001) (same); United States v. Duchaine, No. 21-2297, 2022 WL 711302, at *1 (8th Cir. Mar. 10, 2022) (same).

The indictment charges Boykins with "knowingly possess[ing] a firearm, that is: a Colt, Model Government MK IV series 80, .45 caliber pistol with Serial Number SS34576, said firearm having been shipped and transported in interstate and foreign commerce[.]" Doc. 2 (emphasis added). Accepting these allegations as true—as this Court must do—it is clear that the firearm moved across state lines and in the stream of interstate commerce. This minimal nexus is all that

4

is required under Scarborough to establish jurisdiction under the Commerce Clause. 431 U.S. 563, 577 (1977). The Court is bound by precedent to conclude that § 922(g), as applied to Boykins, represents a valid exercise of Congress's power under the Commerce Clause.

Boykins also argues for dismissal because he "was hand-selected for federal prosecution because he is a black male . . . had [Boykins] been a white male, it is unlikely he would be facing federal prosecution at all." Doc. 32, p. 15. He argues that the decision to charge him was the result of implicit bias on behalf of the prosecution. Doc. 32, p. 16. In support, he presents data from the United States Sentencing Commission purporting to show that there is a higher percentage of "black people convicted of being a prohibited person in possession of a firearm" versus that of white individuals. Doc. 32, p. 17.

To the extent Boykins alleges selective prosecution against the Government, his position is unpersuasive. Courts are "properly hesitant to examine the decision whether to prosecute." Wayte v. U.S., 470 U.S. 598, 608 (1985). "In our system, so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute . . . generally rests entirely in his [or her] discretion." Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978). "[T]he conscious exercise of some selectivity in enforcement is not in itself a federal constitutional violation" so long as "the selection was [not] deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification." Oyler v. Boles, 368 U.S. 448, 456 (1962). A defendant may demonstrate that the administration of a criminal law is "directed so exclusively against a particular class of persons . . . with a mind so unequal and oppressive" that the system of prosecution amounts to "a practical denial" of equal protection of the law. Yick Wo v. Hopkins, 118 U.S. 356, 373 (1886).

The requirements for a selective prosecution claim draw on equal protection standards. Wayte, 470 U.S. at 608. The Eighth Circuit requires that defendants meet a two-pronged test: "(1) people similarly situated to him were not prosecuted; and (2) the decision to prosecute was motivated by a discriminatory purpose." United States v. Hirsch, 360 F.3d 860, 864 (8th Cir. 2004) (citing United States v. Perry, 152 F.3d 900, 903 (8th Cir. 1998)). Meeting this test requires a substantial showing by the defendant. United States v. Deering, 179 F.3d 592, 595 (8th Cir. 1999) ("Absent a substantial showing to the contrary, governmental actions such as the decision to prosecute are presumed to be motivated solely by proper considerations."). A defendant fails to meet [his] burden under prong one if there were past federal prosecutions of defendants charged with the same crime. United States v. Leathers, 354 F.3d 955, 963 (8th Cir. 2004) (citing United States v. Garner, 32 F.3d 1305 (8th Cir. 1994)); United States v. Talley, 16 F.3d 972 (8th Cir. 1994).

Under the first prong, the Sentencing Commission data offered by Boykins does not constitute evidence tending to show that "people similarly situated to him were not prosecuted." Hirsch, 360 F.3d at 864. The data fails to identify individuals who were not black and could have been prosecuted for the offenses for which Boykins was charged but were not prosecuted. If anything, the data shows the opposite—that from the years 2019-2023, around 20-25% of people convicted with being a prohibited person in possession of a firearm were white. Doc. 32, p. 18.

The second prong of selective prosecution requires Boykins to prove that the Government's decision to prosecute him was motivated by a discriminatory purpose. Hirsch, 360 F.3d at 864. He must make a substantial showing that the Government acted with discriminatory intent. Deering, 179 F.3d at 595. Boykins's claim is one of implicit bias on the basis of race. To be successful on his claim, however, he must offer evidence of discrimination. United States v. Huff, 959 F.2d 731, 735 (8th Cir. 1992) (denying defendants' selective prosecution claim when the

6

defendants failed to "offer any evidence that the decision to prosecute them was based on their race.").

Here, Boykins alleges no specific facts as to how the Government discriminated against him. Defense counsel's observation that Boykins comes from a disadvantaged background (Doc. 35, p. 2) is not enough to support an allegation of discrimination in decisions to prosecute. And without more, the Court declines to dismiss the indictment on the grounds of selective prosecution. So, Boykins's motion to dismiss the indictment is denied.

### III.     CONCLUSION

The Court has carefully reviewed the entire record, the parties' filings, and the relevant law. For the reasons set forth above, the Court **DENIES** Boykins's motion to dismiss (Doc. 32).

**IT IS SO ORDERED.**

Dated this 28th day of August, 2025.

*/s/ Peter Welte*
Peter D. Welte, Chief Judge
United States District Court